admiralty. But by the civil law, they have such a lien. In the United States they have it only in the cases of foreign ships, or ships of one of the states of the United States, furnished in another state. Zane v. The President [Id. 18,201]. It is of no importance how a lien arises under the local law, whether by statute, or common, or municipal law; whenever its existence is established, the jurisdiction of the admiralty attaches to it. The Marion [Id. 9,087]. A common law lien is always connected with the possession of the thing, and is simply a right to retain. But a maritime lien does not depend upon possession, but is an interest in the thing, and may be enforced, whenever the admiralty jurisdiction is exercised. The libel alleges, that, "the articles were delivered to the said steamer at Detroit aforesaid, to be used in furnishing and completing her; and it alleges some of them were put in and upon, and worked into said steamer by the work and labor of the libellant," &c. Now if the articles were not all so used, it would be difficult to say, what part of them were so used, and the libel could not be sustained. The averments should be positive, in order that the extent of the lien may be seen. Although the forms of procedure are less technical in admiralty, than at common law, yet there should be certainty in the material matters to give jurisdiction.

As an admiralty court, the district court has a general jurisdiction, yet it can enforce no liens against a vessel which is not of a size and character to engage in maritime navigation. It has been strongly suggested by some writers, that the lien under the statute is the same as the common law lien for mechanics, which depends for its validity on possession. But this point has not been raised in the pleadings, and it need not be examined. The maritime lien arose out of the conveniences, if not necessities, of commerce. The floating vessel is constantly changing its locality, and the master is often under the necessity of contracting debts for the repairs of his vessel, &c.; the work and labor done, or articles furnished for the ship, is presumed to be done or furnished on the credit of the vessel. A personal liability of the master only, would not be sufficient to meet the exigency. The vessel is, therefore, bound in such cases.

The motion which was made in this case for a continuance was overruled, on the ground that as the decree in the district court had been made six months before this court commenced, the appeal being filed a day or two before its commencement, showed such a want of diligence in the appellants in the prosecution of their appeal, as not to entitle them to further delay. A continuance would necessarily give a delay of eighteen months, from a decree in the district court. The court considered the circumstances as coming within the rule which authorized the appellants to notice the cause for trial; and

that it would impose no unjust hardship on the defendants, to take their depositions during the present term. When this decision was announced, the court stated, all the time would be given, to take the depositions during the term, which could be given.

A statement has been made of what the defendants' counsel expected to prove, and which, if admitted, could not affect the justice of the case. The correctness of the charges is admitted by Mr. Newberry, who built the vessel, and also by Mr. McKnight, who purchased her. In addition to these admissions, the items are proved by the clerk who sold the articles. As these articles were used in building and furnishing the boat, under the Michigan law, they constitute a lien on the boat, whether it be in the hands of Newberry the builder, or McKnight the purchaser, both of whom are defendants. Upon the whole, the decree of the district court is affirmed with costs.

---

## Case No. 10,006.

NALLY v. LAMBELL.

[1 Cranch, C. C. 365.] [1]

Circuit Court, District of Columbia. Dec. Term, 1806.

WITNESS — ATTACHMENT FOR FEES — DEMAND IN NAME OF WITNESS.

The court will not grant an attachment against a party for not paying his witness, unless payment shall have been demanded by a person having authority to receive payment, and unless that authority appear.

Motion for attachment by witness against the person at whose request he was summoned. Affidavit by Spaulding, that he was requested by Nally to demand, and that he did demand payment, which was refused.

THE COURT (FITZHUGH, Circuit Judge, absent,) refused the attachment, because Spaulding's authority did not appear.

---

## Case No. 10,007.

NAN et al. v. MOXLEY et al.

[1 Cranch, C. C. 523.] [1]

Circuit Court, District of Columbia. Dec. Term, 1808.

SLAVERY—PETITION FOR FREEDOM—AFFIDAVIT TO SUPPORT—BY WHOM MADE.

The affidavit of a manumitted negro is sufficient ground for an order to issue a summons returnable immediately upon a petition for freedom.

Petition for freedom [by the negress Nan and children against D. Moxley and others]. Affidavit of the negro Charles, a manumitted negro, that his wife Nan (the petitioner) was about to be removed out of the District.

THE COURT (FITZHUGH, Circuit Judge,

[1] [Reported by Hon. William Cranch, Chief Judge.]

absent,) allowed a subpoena, returnable immediately, to answer the petition just filed by Mr. F. S. Key.

## Case No. 10,008.

### The NANCY.

[1 Gall. 66.] [1]

Circuit Court, D. Massachusetts.   May Term, 1812.

INFORMATION — HOW SHOULD CONCLUDE — MATERIAL AVERMENTS.

An information for a statute forfeiture should conclude against the form of the statute, or at least refer to some subsisting statute authorizing the forfeiture. A mere conclusion of an information against the form of a statute will not cure the defect of material averments to show that a forfeiture has accrued.

[Cited in Sears v. U. S., Case No. 12,592; U. S. v. Platt, Id. 16,054a; U. S. v. Seventy-Eight Cases of Books, Id. 16,258; U. S. v. Batchelder, Id. 14,540.]

[Appeal from the district court of the United States for the district of Massachusetts.]

[This was a libel against the sloop Nancy, Jabez Hatch, claimant, for violation of the embargo acts.]

G. Blake, for United States.
S. Dexter, for claimant.

STORY, Circuit Justice. The sloop Nancy was libelled in the district court, for exporting from the port of Boston divers goods and merchandizes, of domestic growth and manufacture, during the existence of the embargo, contrary to the prohibition of a certain act of the United States; and (2) for trading with, and putting on board of another ship or vessel a quantity of goods and merchandizes of domestic growth and manufacture, contrary to a certain other act of the United States.

The facts appear to be these; that the sloop Nancy is a lighter, whose employment has been confined to the port and bay of Boston, and as such, at the time of the seizure, she was under bonds at the custom house, pursuant to the provisions of the act of January 9, 1808, c. 8 [2 Stat. 453]. On the 15th of July, 1808, she departed from Boston, stood off into the bay, and at the distance of about four or five leagues met with another vessel, and immediately came along-side, and hoisted out into said vessel, all the cargo, which she had on board (which seems to have been flour), but the quantity does not appear. She remained along-side about an hour, and then quitted the other vessel. There seems no reason to doubt, that during this time a considerable quantity of flour was discharged. These facts present a clear case of a violation of the embargo acts, and if the libel contains sufficient allegations to enable the court to pronounce a sentence of forfeiture, it is their duty so to do. The first count seems to be founded upon the fourth section of the act of

12th March, 1808, c. 33 [2 Stat. 474], but it concludes against an act, whose title, as stated in the libel, is not known among our statutes. As this count stands, therefore, it does not warrant the court to proceed to condemnation. For it is a general rule, that where an offence is created by statute, it must, on the face of the information or libel conclude against the form of the statute, or at least refer to a subsisting statute authorising the offence; and we have so held the doctrine in other cases at this term.

The second count contains a very dry allegation, that the sloop on the high seas, in or near the harbor of Boston, on the 14th of July, 1808, did trade with, or put on board another certain ship or vessel, then being on the high seas, in or near the harbor of Boston, a quantity of goods, wares, and merchandizes of domestic growth and manufacture, to wit, flour, contrary to the act of 9th January, 1808, c. 8. Now it is material to observe, that it is not every trading with or putting on board of another vessel of such goods, wares, and merchandize, that subjects the property to forfeiture. The act declares, that it must be a trading with, or putting on board, contrary to that act, or the act of 22d December, 1807 [2 Stat. 451]. But a trading with, or putting on board in the port, where the goods are first laden, is not prohibited; and so it has been held by the supreme court of the United States. Nor is a trading, or putting on board by foreign vessels on the high seas, within the purview of the act. Sufficient matter, therefore, ought to have been alleged to have shown, that this trading or putting on board was clearly against the acts above stated. A mere conclusion against a statute has been uniformly held inadequate to supply the deficiency of material averments, to bring the case within the statute. It ought at least to have been averred, that the vessel was a vessel owned by citizens of the United States, and proceeded from some port of the United States, with her cargo, during the continuance of the embargo. As this libel now stands, without amendment, I do not feel at liberty to affirm the decree of the court below, and I shall, therefore, suspend a decree, until the question of amendment has been argued and considered.

After amendment allowed, the decree was affirmed.

NANCY, The (BRICE v.). See Case No. 1,855.

NANCY, The (BRITISH CONSUL v.). See Case No. 1,898.

NANCY, The (SCHUTZ v.). See Case No. 12,493.

NANCY, The (UNITED STATES v.). See Case No. 15,854.

NANNY, The (THOMSON v.). See Case No. 13,984.

NANTUCKET STEAMBOAT CO. (CITIZENS' BANK v.). See Case No. 2,730.

[1] [Reported by John Gallison, Esq.]